AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA Amanda McCool                    )   USAO CW No. 25-197

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v. | )<br>)<br>)   Case No.  25-MJ-2036<br>)<br>)<br>)<br>) |
| Xin Guang Guo<br>*Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 30 through October 6, 2025  in the county of  Philadelphia  in the
Eastern  District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1958 | use of an interstate commerce facility in the commission of murder-for-hire |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*/s/ Justin Hines*

*Complainant's signature*

Justin Hines, Special Agent, ATF

*Printed name and title*

Sworn to before me and signed by telephone.

Date: _____

*/s/ Craig M. Straw* 10/6/2025

*Judge's signature*

City and state:     Philadelphia, Pennsylvania          Hon. Craig M. Straw, U.S. Magistrate Judge

*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 25-mj-2036** |
| | : | |
| **XIN GUANG GUO** | : | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
AND ARREST WARRANT

I, Justin Hines, being duly sworn, depose and state:

1.       I am a Special Agent with the United States Department of Justice, Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since

2015. Prior to joining ATF, I was employed as a Special Agent of the U.S. Department of

State, Diplomatic Security Service for approximately three years. Before becoming a

Special Agent, I served honorably in the United States Army for six years. I am currently

assigned to the Philadelphia Crime Gun Enforcement Team.  Our primary mission is to

investigate those individuals and groups that are engaged in the commission of violent

state and federal violations. I am deputized as a Philadelphia County Detective and

empowered to investigate violations of the Pennsylvania Crimes Code.

2.       During my law enforcement career, I have investigated an array of complex

federal and state crimes to include, homicide, non-fatal shootings, robberies, firearms,

and narcotics offenses as well as the corrupt organizations committing such violations.

These investigations have resulted in the arrest and successful prosecution of individuals

who have committed the aforementioned criminal offenses. I have been involved in the

application for and execution of numerous arrest and search warrants related to the

aforementioned criminal offenses which have led to the recoveries of evidence to include firearms, narcotics and electronic devices. I have received specialized training from ATF relating to the use of firearms in violent crime and ballistic technology used to identify, match and link crime guns to incidents. In 2020, I attended ATF training as a Crime Gun Intelligence Expert. I have training and experience in the use of cellular telephones and social media during and in the furtherance of criminal activity. I also have training and experience in the searching of cellular telephones and social media to ascertain evidence of criminal conduct that may be present on such devices and accounts. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology utilized by violent criminal offenders.

3.      The information contained in this affidavit is based on my personal knowledge and observations during the course of this investigation, information conveyed to me by other law enforcement officials, and my review of records, documents and other physical evidence obtained during this investigation.

4.      This affidavit contains information necessary to support probable cause for this application.  This affidavit is not intended to include each and every fact and matter observed by me or known by the government.

5.      Since September 30, 2025, XIN GUANG GUO was the target of an ATF investigation for his role in actively contracting the murder of "PERSON-1" and "PERSON-2" while using a cellular telephone with number 252-724-0879 ("TELEPHONE 1") in furtherance of the intended murder of PERSON-1 and PERSON-2.

6.      During the investigation, your affiant received information about GUANG GUO

from a confidential source ("CS-1"), who has been a reliable source of information from March 2025 to present.  CS-1 has previously provided reliable information in criminal investigations. CS-1 is cooperating in exchange for monetary compensation.

**PROBABLE CAUSE FOR ISSUANCE OF COMPLAINT AND ARREST WARRANT**

7.     On September 30, 2025, ATF was contacted by CS-1 to inform them that an individual known to him as "Chino" contacted CS-1 to contract him to murder "PERSON-1" and "PERSON-2."

8.     On October 1, 2025, CS-1 provided investigators copies of text messages from GUANG GUO using TELEPHONE 1further detailing his plan. CS-1 advised GUANG GUO is an individual he knows from his neighborhood in North Philadelphia.  CS-1 knows GUANG GUO owns a business that involves gambling machines that was located at 2946 N 5th Street in Philadelphia, PA. GUANG GUO sent CS-1 a photograph of an Asian male whom CS-1 knew as GUANG GUO's business partner ("PERSON-1"), and a picture of an Asian female (PERSON-2) who is the paramour of PERSON-1. GUANG GUO indicated that he wanted CS-1 to kill PERSON-1 and PERSON-2. GUANG GUO also provided the locations, vehicle make and models, and license plate numbers of PERSON-1 and PERSON-2.

9.     GUANG GUO informed CS-1 that he wanted PERSON-1 and PERSON-2 killed and that he would provide $30,000 to CS-1 if CS-1 killed PERSON-1 and PERSON-2. CS-1 relayed this information to ATF on the same day.

10.     On October 2, 2025, in a controlled call setting under the supervision of law enforcement, CS-1 contacted GUANG GUO on TELEPHONE 1 to discuss the contract GUANG GUO had proposed to murder PERSON-1 and PERSON-2 in exchange for

money, $15,000 each totaling $30,000, GUANG GUO specified that CS-1 was to kill PERSON-1 first, then PERSON-2. This conversation was audio recorded by ATF.

11.     Based on the conversations detailed above, I believe that the exchange between GUONG GUO and CS-1 was a continuation of the conversation they had about GUONG GUO wanting to commission CS-1 to murder PERSON-1 and PERSON-2.

12.     Following the recorded contact, GUONG GUO sent a text message to CS-1 "the man can't let him escape." GUONG GUO then informed CS-1 that PERSON-1 has a home security system and a safe in his home "filled with stuff."

13.     On October 5, 2025, GUANG GUO contacted CS-1 via text message from TELEPHONE 1 to inquire about the progress on the plan. CS-1 asked GUANG GUO for $2500 in order to purchase a firearm to murder PERSON-1 and PERSON-2. GUANG GUO then agreed to provide CS-1 $2500 the following day when he was in Philadelphia.

14.     On October 6, 2025, GUONG GUO contacted CS-1 while CS-1 was in the presence of law enforcement. The conversation was audio recorded. During the conversation, GUONG GUO reiterated his intention to have CS-1 kill PERSON-1 and PERSON-2. GUONG GUO and CS-1 agreed on a place to meet at 3000 N. 5th Street in Philadelphia and GUONG GUO to provide a portion of the money to have PERSON-1 and PERSON-2 killed.

15.     That same day at approximately 2:15p.m., CS-1 and an undercover agent arrived at 3000 N. 5th Street Philadelphia in an ATF undercover vehicle. GUONG GUO entered the back seat of the vehicle and handed CS-1 $2,500 in United States Currency. GUANG GUO stated his intention was to have PERSON-1 killed first, then PERSON-2. GUANG GUO requested photographic proof of the murder of PERSON-1 and PERSON-2 before

he paid the remaining balance. After the agreement was made, GUANG GAO departed the ATF undercover vehicle.

16.     GUANG GAO was observed entering a black Nissan Titan pickup truck bearing North Carolina license plate EBX-3085. He was followed by ATF investigators and was stopped at 133 E. Lehigh Ave. Philadelphia, PA and was arrested without incident.

### CONCLUSION

17.     Based on all of the foregoing, your affiant submits that there is probable cause to conclude that XIN GUONG GUO used an instrumentality of interstate commerce (TELEPHONE 1) to commission the murder of PERSON-1 and PERSON-2 in violation of the laws of the Commonwealth of Pennsylvania in exchange for a promise and agreement to pay something of pecuniary value (U.S. currency), in violation of 18 U.S.C. § 1958 (use of interstate commerce facilities in the commission of murder-for-hire).

I submit this application based upon my information and belief upon the facts set forth to the best of my knowledge.

Respectfully submitted,

/s/ Justin Hines
Justin Hines, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me by telephone on this
6th day of October, 2025.

/s/ Craig M. Straw 10/6/2025
HON. CRAIG M. STRAW
UNITED STATES MAGISTRATE JUDGE