**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 25-467** |
| **XIN GUANG GUO** | **:** | **FILED UNDER SEAL** |

**PROTECTIVE ORDER CONCERNING**
**DISCLOSURE OF DISCOVERY, JENCKS ACT, *BRADY*, AND *GIGLIO* MATERIALS**

AND NOW, this _____ day of _____, 2025, upon the motion of the United States for a protective order restricting the dissemination of material provided in connection with its disclosure obligations pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 667 (1985), and *Giglio v. United States*, 405 U.S. 150 (1972), the Court has considered the papers filed. The Court has weighed the need of the defendant to review trial-related material with the government's interest in protecting the integrity of its ongoing investigations, the safety of any of its witnesses, and the personal information of third parties. The Court finds that the following restriction does not unduly impair the defendant's ability to assist counsel in preparing for trial and makes a reasonable accommodation for the government's interests. The government's motion is **GRANTED** and it is hereby

**ORDERED**

that counsel for the defendant Xin Guang Guo, and counsel for any defendants subsequently charged in this case, shall not permit any person (other than their staff and their respective client/defendant) to view the government's disclosed materials, shall not provide copies of disclosed materials to their client, shall not provide any writing to their client that discloses the

1

substance of disclosed materials, and shall not allow their client to copy or keep disclosed materials. This order does not prohibit counsel for the charged defendants from showing disclosed materials to their respective client/defendant and discussing these materials at meetings with their client or from reading from or discussing these materials in telephone conversations with their client. This order does not prohibit counsel for the defendant(s) from providing disclosed materials to a retained expert; if counsel does so, however, counsel shall advise such person in writing that, by this Court's order, the disclosed materials are not to be copied, nor be viewed by others.

This order applies to all counsel for the defendant and to counsel for any defendants who may later be added in superseding indictments.

If requested, the government will provide electronic copies of all disclosed materials to the appropriate attorney advisor at the Federal Detention Center (FDC). The attorney advisor at the FDC shall make this disclosed material available to the defendant(s) at the FDC under such circumstances as to ensure that neither the defendant nor any other person can make a copy of and/or retain any portion of the disclosed materials.

This order is sealed until further order of this Court. The Clerk of Court is directed to make no public docket entry of this order, and to provide copies of all sealed documents only to Amanda M. McCool, Assistant United States Attorney, and counsel of record for defendant(s) in this case.

BY THE COURT:

**HONORABLE HARVEY BARTLE, III**
*Judge, United States District Court*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 25-467** |
| **XIN GUANG GUO** | **:** | **FILED UNDER SEAL** |

**UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER
CONCERNING DISCLOSURE OF DISCOVERY, JENCKS ACT, *BRADY* AND *GIGLIO*
MATERIALS**

The United States of America, through its attorneys, David Metcalf, United States

Attorney for the Eastern District of Pennsylvania, and Amanda M. McCool, Assistant United

States Attorney, respectfully moves for a protective order, pursuant to Federal Rule of Criminal

Procedure 16(d)(1), to limit the dissemination of discovery, Jencks Act, *Brady* and *Giglio*

materials (hereinafter "disclosed materials") that the government will disclose to the defendant(s)

in this matter. The government seeks an order prohibiting counsel from leaving copies of

disclosed materials in the possession of the defendant, who is currently incarcerated at the

Federal Detention Center (FDC), or any defendants subsequently charged in superseding

indictments in this case. The government is engaged in related ongoing investigations, and

cooperating witnesses may testify for the government in this case. As explained below, the

government seeks this order out of a concern that allowing any defendant(s) to possess hard

copies of this material would jeopardize the ongoing investigations, endanger the safety of any of

the government's witnesses, and invade on the privacy of individuals who are not charged and

may never be. In support of its motion, the government states the following:

1. On October 29, 2025, a federal grand jury returned a 2-count indictment charging the defendant Xin Guang Guo, with two counts of use of an interstate commerce facility in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958.

2. The government is required to provide information and materials pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 667 (1985), and *Giglio v. United States*, 405 U.S. 150 (1972), and intends to fully comply with its obligations. To that end, the government is in the process of providing discovery material and in the future will provide additional materials pursuant to its various disclosure obligations. These disclosed materials contain information about ongoing investigations, as well as information about witnesses that the government intends to call at trial, including: Jencks Act and *Giglio* materials; witness interview summaries, which are not Jencks Act material but which the government nonetheless discloses to assist counsel in trial preparation; statements taken from witnesses; law enforcement reports and background information about these various witnesses; audio recordings; and criminal histories. Much of these materials contain personal identifying information of individuals who are not charged and may never be. These materials also identify witnesses, disclose the fact of cooperation with the government, and provide the substance of statements made by witnesses.

3. Witness intimidation is generally a serious problem in Philadelphia and the surrounding communities. The government believes that there is a risk that hardcopies of the discovery materials may be circulated within the FDC and in the community where witnesses, including cooperating witnesses, and the witnesses' families live. Such dissemination of the above material could place the witnesses at significant risk of harm because, the government

2

believes, cooperators are disliked by inmates as well as by many individuals not in custody. By its request for a protective order, the government seeks to limit the opportunities for the disclosed materials to be used to intimidate potential witnesses.

4.      For these reasons, the government believes that disclosed materials should not be allowed to reside with the defendant or any subsequently charged defendant. This will maintain the integrity of ongoing investigations, reduce the risk that any cooperating witnesses' names will be revealed and used for intimidation, remove a basis for verification and full knowledge of the witnesses' cooperation, and prevent personal information from being shared with others.

5.      Such a limitation will not adversely affect the defendant(s) in their legitimate preparation for trial. First, the government proposes no limit to the defendant's access to these documents in the presence of counsel or investigators. The defendant(s) may extensively review and discuss every document the government supplies, provided that the defendant does so in the presence of his counsel. Counsel may spend as much time as he or she needs with the defendant(s) with these documents. In addition, upon request, incarcerated defendants will be provided with electronic copies of disclosed materials, which the attorney advisor at the FDC will make available under such circumstances as to ensure that neither the defendant nor any other person can make a copy of and/or retain any portion of the disclosed materials. The only limitation the government seeks is on the physical possession of these documents and its information by anyone other than the defendant's attorney.

6.      The Court is empowered to enter a protective order for the protection of witnesses and to prevent unwarranted disclosures in cases before it. The All Writs Act empowers a federal district court to issue "all writs necessary or appropriate in aid of [its . . . jurisdiction]." 28 U.S.C.

3

§ 1651(a).  Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has approved the use of protective orders, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165 (1969); *see also Bittaker v. Woodford*, 331 F.3d 715, 726 (9th Cir. 2003) ("The power of courts . . . to delimit how parties may use information obtained through the court's power of compulsion is of long standing and well-accepted."). In doing so, the trial court should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others." *Alderman*, 394 U.S. at 185 (1969).

7.      Lower courts have echoed this admonition in recognizing a protective order as the necessary way to protect cooperating witnesses from harm and undue influences, maintain the confidentiality and viability of an ongoing criminal investigation and future investigations, and prevent other types of unwarranted disclosures that may harm third parties. *See, e.g., United States v. Mills*, 641 F.2 785, 790 (9th Cir. 1981) ("The need to protect those who cooperate with the government is especially compelling here where the witnesses . . . live in fear of retaliation for providing evidence. . . [, and] [d]epriving them of that protection also jeopardizes the likelihood of future cooperation. . . ."); *United States v. Roberts*, 793 F.2d 580, 587 (4th Cir. 1986) (protective order limiting disclosure of co-conspirator statements based on concern for security of prospective witnesses and co-conspirators); *United States v. Anderson*, 509 F.2d 724, 730 (9th Cir. 1975) (protective order prohibiting defense counsel from disclosing informant's

4

identity); *United States v. Dellinger*, 472 F.2d 340, 392 (7th Cir. 1972) (protective order against

disclosure to others of electronic surveillance logs of defendants' conversations); *United States v.

Aiken*, 76 F. Supp. 2d 1339, 1343 (S.D. Fla. 1999) (protective order where defendants or other

members of their organization may attempt to make improper attempts to influence a cooperating

witness).

8.      To ensure witness safety, courts commonly enter protective orders restricting

access to disclosed materials and preventing defendants from taking copies of materials with

them. *United States v. Garcia*, 406 F.Supp.2d 304, 307 (S.D.N.Y. 2005) (prohibiting defendants

from taking copies of Jencks material that disclose witness identities into prison, except when in

the presence of counsel); *United States v. Barbeito*, 2009 WL 3645063 at *2 (S.D.W.Va. 2009)

(unpublished) (restricting dissemination of federal investigative reports, cooperating witness

reports, transcripts of testimony given by cooperating witnesses before the grand jury, and

telephone and audio recordings made by cooperating witnesses, and allowing defendants access

to such materials only in presence of counsel).

9.      As described above, the safety concerns motivating these limitations are not

academic:

> Any lawyer with experience in the criminal justice system knows that copies of
> witness statements or other discovery material are often passed from hand to hand
> within prisons. In particular, the wide dissemination of statements by cooperating
> witnesses who are regarded as "snitches" or "rats" by their criminal associates,
> who must often serve their own sentences in close proximity to other prisoners,
> poses obvious dangers . . . .  Hard evidence of the witness's betrayal can facilitate
> retaliation or intimidation of the witness.

*Garcia*, 406 F.Supp.2d at 306. For example, a defense attorney in the Western District of

Virginia was sanctioned for providing his incarcerated client with copies of grand jury transcripts

5

and other investigative materials in direct violation of a protective order. *In Re Bragg*, 2012 WL 566958, at *4 (W.D.Va. 2012). In sanctioning the attorney, the court noted that:

> [I]t is necessary to carefully protect the dissemination of the investigative materials. Significant harm may come to witnesses and other third parties when materials such as grand jury testimony, law enforcement reports, and other such sensitive materials are circulated outside of defense counsel and defendant. That risk is particularly pronounced in the context of the jail environment where it is often the case, as it was here, that government informants are incarcerated along with defendants.

*Id.* at *3.

10.     For these reasons, the government seeks an order prohibiting counsel for the defendant(s) in this case from providing a physical copy of disclosed materials to the defendant(s) or providing their substance in writing. This, of necessity, includes but is not limited to information about ongoing investigations and witnesses that the government intends to call at trial, law enforcement reports and background information about these various witnesses, audio recordings and transcripts of phone calls, criminal histories, and personal identifying information of individuals who have not been charged.  Counsel may not permit the defendant(s) in this case to copy disclosed materials and keep copies, for this would frustrate the order. Such order shall not preclude any defense counsel or a member of his or her staff from reviewing such materials with the defendant either in person or by telephone, nor shall it preclude a retained expert from reviewing such materials. The government requests that the Court's order apply to all counsel for the defendant.[1]

---

[1] The government does not believe that an order simply requiring a defendant not to pass or allow anyone else to read the hard copies of discovery materials would be effective. A defendant has a strong incentive to disseminate discovery materials, and it would be nearly impossible to monitor a defendant's actions whether the defendant is in custody at the FDC or not, and to detect any such sharing of the materials.

11.     In order to allow incarcerated defendants to view materials at the FDC without their counsel present, the government intends to provide, upon request, the attorney advisor at the FDC electronic copies of all disclosed materials. The attorney advisor may then make this material available to the defendant (and any subsequently charged and detained defendant) under such circumstances as to ensure that neither the defendant nor any other person can make a copy of and/or retain any portion of the disclosed materials.

12.     Counsel for the defendant has authorized the government to state that the defendant has no objection to this motion.

13.     Because this motion discusses the existence of ongoing investigations and cooperating witnesses, the government requests that the motion and order be filed under seal and that the Court apply to it the protection sought for the disclosed materials.

Respectfully submitted,

DAVID METCALF
United States Attorney

s/ *Amanda M. McCool*
AMANDA M. McCOOL
Assistant United States Attorney

Dated: November 3, 2025

7

## CERTIFICATE OF SERVICE

I hereby certify that I electronically mailed the foregoing document to counsel of record:

Todd Henry, Esq.
dlombardo@thehenryfirm.biz


/s/ Amanda M. McCool
AMANDA M. McCOOL
Assistant United States Attorney


Dated: September 6, 2024